IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES LAKE, and FETCH INDUSTRIES, LLC, | Case No: 6:20-cv-00850-AA |
| | **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| PRESTON A. SCHEIDT, GREEN GOAT LABS, LLC, FURLONG FAMILY, LLC, KEYSTONE REAL ESTATE, MARCH SCIENTIFIC, INC. ADAM REID, JOHN DOES (1-5), and XYZ CORPORATIONS (1-5), | |
| Defendants. | |

AIKEN, District Judge.

The Court previously entered an interim order in this matter to preserve the status quo pending a judicial settlement conference. Doc. 33. Now before the Court is plaintiffs' motion for a preliminary injunction (Doc. 28) and defendant March Scientific, Inc.'s ("March") motion to join and modify the existing order of July 8, 2020. Doc. 77. For reasons set forth below, the interim order is dissolved, plaintiffs' motion

Page 1 – ORDER AND OPINION

for a preliminary injunction is denied, and defendant March's motion to join and modify is granted in part and denied in part.

## PROCEDURAL HISTORY

This diversity case arises out of a failed business relationship between plaintiff James Lake, a resident of Florida, and defendant Preston Scheidt, a resident of Oregon. Plaintiff Lake and defendant Scheidt entered into Joint Venture agreement to process hemp biomass into oil under Fetch Industries' state license. Plaintiff Lake on behalf of Fetch Industries executed a lease with Furlong Family, LLC on December 18, 2018, in which those defendants agreed to lease to plaintiff 6,200 square feet of building and 28,700 SF of associated land area situated at 136 42nd Street, Springfield, Oregon. The original lease was set to run through December 31, 2019. The parties dispute when the lease expired. Plaintiffs argue that the lease will not expire until April 1, 2021, while the Furlong and Keystone defendants argue the lease was terminated on May 31, 2020. Defendant Schiedt and his entity Green Goat Labs, LLC ("Green Goat") took over the as of June 1, 2020.

Plaintiffs filed their initial complaint (Doc. 1) and motion for a temporary restraining order ("TRO") (Doc. 2.) on May 28, 2020.[1] This Court previously granted

---

[1] Plaintiffs have since amended their complaint, and bring numerous claims against the various defendants including conversion, trespass to chattel, tortious interference with contract, intentional interference with prospective economic advantage, tortious interference with contract, fraud in the inducement, negligent misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, trespass to land, disparagement, libel *per se*, slander *per* se, intentional infliction of emotional distress, fraud, negligence abuse of process, elder financial abuse. Defendants Scheidt and Green Goat have filed counterclaims against plaintiff for fraud upon the court, conversion, trespass to land and chattel,

Page 2 – ORDER AND OPINION

plaintiffs' motion for a TRO on June 2, 2020. Doc. 12. The Court then held an initial preliminary injunction hearing on June 11, 2020. That hearing was continued to allow other named parties to file appearances. At a hearing on July 8, 2020, the Court deferred ruling on the motion for preliminary injunction so that the parties could attempt resolution of this matter by attending a settlement conference with Magistrate Judge Thomas Coffin. By agreement of the parties who had then appeared, the Court entered an interim order on July 9, 2020 to maintain the status quo and allow for the mitigation of damages while the parties prepared for the settlement conference. Doc. 33. The terms of the interim order, allowed, *inter alia,* plaintiff access to the premises, and allowed him to use the equipment in dispute necessary to process hemp oil.

The settlement conference was initially set to take on July 28, 2020, but plaintiffs informed Magistrate Judge Coffin that not all the necessary parties were not available on that date. Plaintiff subsequently filed an amended complaint (Doc. 39) which added claims against defendants March and Adam Reid. All parties have now filed answers in this matter.

On October 20, 2020, the parties participated in a settlement conference with Magistrate Judge Coffin, and though the case did not settle, negotiations were ongoing. This Court was then informed in January 2021 that the parties required a

---

and intentional interference with prospective economic advantage. Defendant March has also filed a crossclaim against defendant Scheidt for breach of contract, as well as a crossclaim against defendant Scheidt and Green Goat and a counterclaim against plaintiffs for unjust enrichment.

Page 3 – ORDER AND OPINION

ruling on the pending motion for a preliminary injunction to proceed in the case. Defendant March also filed a motion to modify the existing interim order to require the return of certain equipment held by defendants Scheidt and Green Goat and plaintiffs Lake and Fetch. (Doc. 77).

This Court held a hearing to discuss these matters on February 3, 2021. There, the Court informed the parties that it would dissolve the interim order, finding that further preliminary injunctive relief as requested by plaintiffs was no longer justified. The Court further ordered that defendant March would be allowed to retake possession of a piece of equipment known as a dual falling film.

## LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def Council,* 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Nat'l Resources Def Council, 555 U.S. at 24.* In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Gambell,* 480 U.S., 531, 542, (1987).

Page 4 – ORDER AND OPINION

The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

The Court first turns to the pending motion for preliminary injunction. As the Court noted at the most recent hearing, plaintiffs have not made a sufficient showing of irreparable injury. Although plaintiffs need not show actual harm at the preliminary injunction stage, plaintiffs "must establish that irreparable harm is likely, not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The likely harm must be supported by a "clear showing." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Speculative injury is insufficient. *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir.1984).

Previously, plaintiffs argued that defendant Scheidt had threatened to destroy biomass they were storing on the Springfield premises for a client as well as certain property used in hemp oil production. That issue now appears to be resolved, and the Court no longer finds that there is a clear showing of imminent harm regarding that property. Plaintiffs further argued that they would suffer a loss of customers and his reputation in the industry if the biomass and his property were destroyed. Intangible injuries such as loss of goodwill and prospective customers can qualify as irreparable harm. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co.*, 240 F.3d 832, 841 (9th Cir.2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.")

As noted above, one of the major disputes in this case revolves around whether plaintiff Lake and the Furlong defendants agreed to extend plaintiffs' lease for and additional year beginning in April 2020. Those defendants maintain that there was no agreement and that plaintiffs' lease has ended. Plaintiffs allege that the lease extends to April 1, 2021. It appears to the Court that plaintiffs have processed little if any oil during the months the interim order has been in place.

Plaintiffs now allege that they are holding several thousand pounds of hemp for three other farmers on the premises, though plaintiffs represented in their supplemental brief that they were only in negotiations to process this biomass. When the Court indicated at the latest hearing that it was inclined to dissolve the interim order, plaintiff Lake requested that the Order be extended to April 1, 2021. If it were extended, Lake argued that he *might* be able process the hemp plaintiffs are now holding within that time.

At this point the Court finds the allegations of irreparable injury are speculative at best. Further, even if the Court were to agree with plaintiffs' allegations that there was a valid lease agreement through April 1, 2021, it appears plaintiff would be unable meet his potential customers needs by that date. Simply put, any harms plaintiffs have suffered are compensable by monetary damages.

Regarding the likelihood of success on the merits of his claims, at this point the Court need only point out that even if the Court were to agree with plaintiffs' position that the purported lease would run through April 1, 2021 that date is less than two months from now. Any preliminary injunction could not extend beyond that

time. For that reason, the Court also finds the balance of equities also weigh against issuing further preliminary injunctive relief. Finally, the Court finds that the public interest factor is neutral in this case.

Turning to defendant's March's request that the dual falling film be returned to it pending the outcome of this case, the Court finds granting this request is appropriate under the circumstances. At the hearing on this matter, defendant March noted that it would settle for return of the dual falling film, though it has outstanding claims regarding the single falling film in the possession of defendants Scheidt and Green Goat as well. March has alleged that no payments have been made for the dual falling film. No party disputes this assertion. Defendant March has made formal demand for payment, and still neither party has taken action. Therefore, defendant March's motion is granted in part and denied in part. Defendant March shall be allowed to retake possession of the dual falling film pending the outcome of this case. The Court does not order the return of the single falling film at this time.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for preliminary injunction (Docs. 2 and 28) is DENIED. Defendant March's motion to join and modify (Doc. 77) is GRANTED IN PART AND DENIED IN PART.

IT IS HEREBY ORDERED THAT the Court's previous interim order (Doc. 33) is DISSOLVED. Plaintiffs shall have 14 days to remove their property from the premises located at 136 42nd Street, Springfield, Oregon. The parties shall confer on

Page 7 – ORDER AND OPINION

the removal of those items. Plaintiffs may have access to the property to retrieve their possessions with agreement of defendant Scheidt's and Green Goat's counsel, Mr. Moore. Any issues which cannot be resolved by the parties should be brought to the attention of the Court. Plaintiff shall have until April 1, 2021 to set a date certain for the removal any remaining biomass belonging to his customers which is currently located on the premises. Defendants Scheidt and Green Goat shall provide reasonable access to the facilities to allow removal of this material.

Defendant March shall take possession of the dual falling film no later than February 15, 2021. Defendants Scheidt and Green Goat shall allow reasonable access to the facilities for the removal of the dual falling film. There shall be no further use of the dual falling film, except by agreement of the parties.

IT IS SO ORDERED.

DATED this  5th  day of February 2021.

                                    /s/Ann Aiken
                                    ANN AIKEN
                              U.S. DISTRICT JUDGE