IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES LAKE; FETCH INDUSTRIES, LLC, | Civ. No. 6:20-cv-00850-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| PRESTON A. SCHEIDT; GREEN GOAT LABS, LLC; FURLONG FAMILY, LLC; KEYSTONE REAL ESTATE HOME, INC.; MARCH SCIENTIFIC, INC.; ADAM REID; JOHN DOES 1-5; XYZ CORPORATIONS 1-5, | |
| Defendants. | |

AIKEN, District Judge.

     This case comes before the Court on a Motion to Correct the Record and to Substitute Party filed by Plaintiffs James Lake and Fetch Industries, LLC. ECF No. 101. Lake seeks to proceed in a *pro se* capacity and to be substituted as assignee for Fetch Industries, LLC in this case. Concurrently, attorney Stanley Kremen has filed a Motion to Withdraw as counsel for Plaintiffs. ECF No. 114.

Page 1 –OPINION & ORDER

Lake is not an attorney but is, of course, free to represent himself as a *pro se* litigant. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

Lake may not, however, represent Fetch Industries, LLC. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and he "has no right to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (internal citations omitted). Furthermore, it "is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 356 F.3d 972, 973-74 (9th Cir. 2004) (internal quotation marks and citations omitted, alterations normalized); *see also* Local Rule 83-9(b) ("Unless otherwise specifically authorized by law or Court order, a corporation may appeal or act only through an attorney."). This rule "applies even if the individual seeking to represent the corporation is the president and sole shareholder of the corporation." *Nesselrode, LLC v. Measure*, No. CV 07-49-M-DWM-JCL, 2007 WL 2398820, at *2 (D. Mont. Aug. 14, 2007). And, despite Lake's arguments to the contrary, Plaintiffs cannot evade the operation of this rule by the artifice of purporting to assign the LLC's claims and defenses to Lake. *See, e.g., Bank of New York Mellon v. Perry*, CIVIL NO. 17-00297 DKW-RLP, 2017 WL 5709894, at *5-6 (D. Haw. Nov. 27, 2017) (rejecting a *pro se* litigants attempt to appear on behalf

of an LLC pursuant to a "Special Power of Attorney," as an "authorized Trustee," or as an "agent," of the LLC).

Plaintiffs' Motion, ECF No. 101 is GRANTED in part and DENIED in part. Plaintiff Lake's request to proceed on his own behalf as a *pro se* litigant is granted. Plaintiffs' request to substitute Lake as assignee for Fetch Industries, LLC is DENIED. Fetch may only appear in this case through the representation of a licensed attorney. Plaintiffs are ORDERED to submit a status report within fourteen (14) days detailing their efforts to secure counsel to appear on behalf of Fetch Industries, LLC. Plaintiffs are warned that the failure to secure counsel to represent Fetch Industries, LLC may result in dismissal of the LLC's claims. *See United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

The Court DEFERS consideration of attorney Stanley Kremen's Motion to Withdraw as counsel for Fetch Industries, LLC, ECF No. 114, pending submission of that status report. If Plaintiffs are successful in their effort to secure replacement counsel before the status report deadline, the Court will cancel the status report and take up the issue of the Motion to Withdraw at that time.

It is so ORDERED and DATED this ____10th____ day of November 2021.

/s/Ann Aiken
ANN AIKEN
United States District Judge