IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMES LAKE; FETCH
INDUSTRIES, LLC,

     Plaintiffs,

  v.

PRESTON A. SCHEIDT;
GREEN GOAT LABS, LLC;
FURLONG FAMILY, LLC;
KEYSTONE REAL ESTATE
HOME, INC.; MARCH
SCIENTIFIC, INC.; ADAM
REID; JOHN DOES 1-5;
XYZ CORPORATIONS 1-5,

     Defendants.

_____

Civ. No. 6:20-cv-00850-AA

**OPINION & ORDER**

AIKEN, District Judge.

  This case comes before the Court on a Motion for Summary Judgment filed by Defendant March Scientific, Inc. ("March Scientific"), ECF No. 119; on Plaintiff Fetch Industries LLC ("Fetch")'s Motion for Leave to File a Sur-Reply, ECF No. 127; and on Plaintiff Fetch's Motion for Leave to File an Amended Complaint, ECF No. 124.

  The Court has carefully reviewed the filings has determined that the proposed sur-reply does not contain any information or argument that would aid the Court in

resolving March Scientific's motion for summary judgment and so the motion for leave to file a sur-reply is DENIED.  Additionally, the presence of disputed issues of material fact precludes the grant of summary judgment as requested by March Scientific and so that motion is likewise DENIED.  The Court DENIES Fetch's motion to amend the complaint with leave to refile the motion subject to the terms discussed below.

## BACKGROUND

The following recitation is limited to the facts relevant to the present motion and is not a comprehensive recitation of all the facts of this case.

*Pro se* Plaintiff James Lake is a resident of the State of Florida.  First Am. Compl. ("FAC") ¶ 1.  ECF No. 39.  Plaintiff Fetch Industries LLC ("Fetch") is a Nevada limited liability company.  *Id.* at ¶ 2.  Lake is the managing member and chief executive officer of Fetch.  *Id.*  Fetch is a hemp processing company.  *Id.* at ¶ 13.

Defendant Preston Scheidt is a resident of the State of Oregon and is the sole member of Defendant Green Goat Labs, LLC ("Green Goat"), an Oregon limited liability corporation.  FAC ¶¶ 3-4.

Defendant March Scientific Inc. ("March Scientific") is an Oregon corporation. FAC ¶ 7.  March Scientific is "primarily engaged in the production and sale of equipment used to manufacture and process hemp and hemp derivatives."  March Decl. ¶ 2.  ECF No. 119-2.

Plaintiff alleges that Defendant Adam Reid, a resident of the State of Oregon, is an employee of March Scientific.  FAC ¶ 8.  March Scientific denies that Reid is an

employee of March Scientific.  March Scientific Ans. ¶ 37.  ECF No. 59.  Reid also denies that he is an employee of March Scientific and affirms that he is "involved in the brokerage for sale of purchase or purchase of hemp biomass processing, and the distillates and other byproducts of such processing, on the open market" and that March Scientific is one of the clients for whom Reid provides brokerage services.  Reid Ans. ¶¶ 4, 17-18.  ECF No. 67.  March affirms that Reid is an "independent contractor who works at time on behalf of March Scientific."  March Decl. ¶ 4.

In general, the relevant facts are as follows: Scheidt agreed to purchase hemp processing equipment from March Scientific in a deal brokered by Reid and for which Scheidt provided a down payment of $80,000.  Scheidt had, however, lost access to the facility where he had intended to process hemp using that equipment and so Scheidt and Lake entered into an agreement to share facility space in a building being rented by Lake and Fetch.  Subsequently, the equipment purchase agreement was expanded to a total of $250,000 worth of March Scientific equipment, although the parties dispute whether this agreement was between Scheidt and March Scientific or whether Lake and Schiedt were both parties to the agreement.  The terms of the agreement are also disputed, with Lake asserting that he and Scheidt reached an agreement with March Scientific, through Reid, whereby March Scientific would be repaid for the purchase of the equipment by percentage of the hemp oil produced using the equipment.  Both Reid and March Scientific deny that they agreed to be paid in hemp oil for the equipment. The onset of the COVID-19 pandemic in March 2020 and a collapse in the value of hemp oil further complicated matters as the

relationship between Lake and Scheidt broke down. March Scientific was not paid for the equipment, either in cash or in hemp oil. Plaintiffs filed this action in May 2020.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from

---

[1] The Court notes that March Scientific has cited to the Oregon Rules of Civil Procedure in support of its motion. Pl. Mot. 2. As this is a federal action, the Court will apply the Federal Rules of Civil Procedure.

the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## DISCUSSION

Plaintiffs bring claims for fraud, negligent misrepresentation, intentional interference with prospective economic advantage, negligence, breach of contract, breach of warranty of title, and breach of the implied covenant of good faith and fair dealing. March Scientific moves for summary judgment on the basis that there was no contract between Lake/Fetch and March Scientific and that each of Plaintiffs' claims fail in the absence of such a contract.

As a preliminary matter, the Court notes that the parties, and most especially Fetch, have evinced a peculiar understanding of the word "undisputed," and have applied the term freely to describe questions of both fact and law that are manifestly the subject of genuine dispute. This sort of rhetorical flourish is counterproductive when the parties are litigating a motion whose resolution turns on the presence or absence of genuine disputes of material fact.

As noted, the Court finds that there are genuine disputes of material fact in this case which preclude the grant of summary judgment at this time. For instance, there is a dispute over the existence and scope of the agency relationship between Reid and March Scientific and the extent to which Reid was independently able to enter into agreements on behalf of March Scientific and whether he entered into such an agreement with Lake in this case. There is a further dispute over the parameters of the agreement alleged to have been reached between Reid, Scheidt, and Lake,

including whether the agreement included Lake at all.  Furthermore, the Court notes that March Scientific's motion lacks a certification of conferral as required by Local Rule 7-1(a)(1) and the parties dispute whether substantive conferral took place.  Even accepting that the parties engaged in a good faith effort to resolve the dispute, a failure to certify conferral supplies an independent basis for denying March Scientific's motion.  LR 7-1(a)(3).  The Court therefore denies March Scientific's motion for summary judgment without prejudice.

Finally, the Court turns to Fetch's Motion for Leave to File a Second Amended Complaint.  ECF No. 124.  All Defendants have signaled their opposition to the motion.  ECF Nos. 129, 130, 131, 132, 133.  A party may amend its pleadings with leave of the court and courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In ruling on motions to amend the pleadings, courts consider (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies, (4) undue prejudice, and (5) futility of the amendment.  *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  In addition, the party moving for leave to amend must describe the proposed changes.  LR 15-1(c).

Here, the proposed Second Amended Complaint attached to Fetch's motion is 85 pages long, exclusive of attached exhibits, and contains over four hundred paragraphs. Although Fetch characterizes the changes as "streamlining," and "clarifying," the Court notes that the proposed SAC is nearly twice the length of the operative First Amended Complaint.  Defendants object, the Court agrees, that Fetch's motion offers only a superficial and substantially incomplete description of

the proposed changes.  The Court therefore DENIES the motion with leave to refile within fourteen days of the date of this Order.  Any renewed motion should be accompanied with a redlined version of the proposed Second Amended Complaint highlighting the proposed amendments.  Should Fetch file a renewed motion, the Court encourages Fetch to recall that Federal Rule of Civil Procedure 8 provides that a pleading should be a "*short and plain* statement of the claim."  Fed. R. Civ. P. 8(a) (emphasis added).  Defendants are to file any responsive briefing within fourteen days of a renewed motion and Fetch shall have fourteen days in which to reply.

## CONCLUSION

For the reasons set forth above, Defendant March Scientific's Motions for Summary Judgment, ECF No. 119, is DENIED without prejudice.  Plaintiff Fetch's Motion for Leave to File Amended Complaint, ECF No. 124, is DENIED with leave to refile the motion within fourteen (14) days of the date of the Order.  Plaintiff Fetch's Motion for Leave to File a Sur-Reply, ECF No. 127, is DENIED.

It is so ORDERED and DATED this ____5th____ day of July 2022.


 /s/Ann Aiken
ANN AIKEN
United States District Judge